**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-02457-BNB

ASHANTI BLACK,

    Plaintiff,

v.

DR. JAMES THALKEN, DDS,
MS. SHARON PHILLIP, NP,
DR. WORMER,
MR. RODRIGUEZ,
COLORADO DEPARTMENT OF CORRECTIONS,
COLORADO HEALTH PROVIDERS, (CHP), and
MS. D. SALDANA, Dental Assistant,

    Defendants.

---

REVISED ORDER DIRECTING PLAINTIFF TO FILE
AN AMENDED COMPLAINT

---

    Plaintiff, Ashanti Black, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Black, acting *pro se*, has filed a Prisoner Complaint pursuant to 28 U.S.C. §§ 1343 and 42 U.S.C. §§ 1983, 1985, and 1986 alleging that his rights under the United States Constitution have been violated. The Court must construe the Complaint liberally because Mr. Black is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*,

935 F.2d at 1110.  For the reasons stated below, Mr. Black will be ordered to file an Amended Complaint.

The Court finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix pleadings violate the requirements of Rule 8.

Mr. Black fails to set forth a short and plain statement of his claims showing that he is entitled to relief.  Mr. Black has presented his claims in a narrative, chronological format, rather than asserting the claims in a short and concise statement.  The Court, therefore, will direct Mr. Black to file an Amended Complaint that complies with the pleading requirements of Rule 8.  Mr. Black must present his claims in a manageable

format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims

Mr. Black also must name the proper parties who are responsible for violating his constitutional rights and assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Black must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In addition, "to state a claim in federal court, a complaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Black may not sue the Colorado Department of Corrections. The State of Colorado and its agencies are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in

federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Accordingly, it is

ORDERED that Mr. Black file an Amended Complaint as instructed above, **within thirty days from the date of this Order**. It is

FURTHER ORDERED that Mr. Black shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Black fails to properly amend the Complaint, **within thirty days from the date of this Order**, the Complaint and action shall be subject to dismissal without further notice.

DATED January 31, 2012, at Denver, Colorado.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge