IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–02457–PAB–KMT

ASHANTI BLACK,

    Plaintiff,

v.

DR. JAMES THALKEN, DDS #15173,
SHARON PHILLIP, Nurse Practitioner, and
DR. WORMER, Physician,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on "Defendants Phillip and Dr. Wormer's Motion to Dismiss" (Doc. No. 32 [Phillip's Mot.], filed June 7, 2012). Plaintiff filed his response on June 28, 2012. (Doc. No. 35 [Resp. Phillip's Mot.].) Defendants did not reply.

Also before the court is "Defendant Dr. Thalken's Motion to Dismiss" (Doc. No. 63 [Thalken's Mot.], filed October 30, 2012). Plaintiff filed his response on November 19, 2012. (Doc. No. 66 [Resp. Thalken's Mot.].) Defendant did not reply. These motions are ripe for review and recommendation.

## FACTUAL BACKGROUND

The following facts are taken from Plaintiff's "Amendment Prisoner Complaint" (Doc. No. 16 ["Am. Compl."], filed March 1, 2012). Plaintiff filed his case pursuant to 42 U.S.C. §

1983, alleging the defendants acted with deliberate indifference to his medical needs in violation of the Eighth Amendment when he was an inmate at the Fort Lyons Correctional Facility ("FLCF"). (*See id.*) In Claim One, Plaintiff alleges on September 21, 2010, he had minor dental surgery to remove a small amount of gum tissue to allow his new dentures to fit better. (*Id.* at 4.) Plaintiff alleges Defendant Thalken "was unable to sedate [his] mouth effectively," which resulted in "unbareable [sic] pain and suffering." (*Id.*) Plaintiff alleges Defendant Thalken removed excessive gum tissue and improperly stitched his gums, which caused "additional discomfort, pain and unattracted [sic] healing." (*Id.*) Plaintiff alleges Defendant Thalken "suggested [Plaintiff] get reconstructive surgery in the future to repair the damage he had just done." (*Id.*) Plaintiff also alleges Defendant Thalken failed to give him adequate post-surgical care, including pain medication, replacement gauze, and a "sick lay-in slip" to excuse him from work or class. (*Id.*)

In Claims Two and Three, Plaintiff alleges he "approached" Defendant Phillips, a nurse practitioner, on September 22, 2010, to request "help with the pain, some fresh replacement gauge [sic] and a medical lay-in slip." (*Id.* at 5.) Plaintiff alleges Defendant Phillips told him he would have to "put in a kite" to get a medical appointment. (*Id.*) Three days later, Plaintiff "declared an emergency in order to get some medical attention." (*Id.*) He was seen by a nurse assistant who examined him and then "left to consult with" Defendants Phillip and Wormer, who "came and examine[d] [him] in 10 seconds and denied everything I had requested." (*Id.*) Plaintiff states Defendants Phillip and Wormer "both agreed that everything was fine." (*Id.* at 6.)

Plaintiff seeks compensatory, punitive, and "moriatory" damages, as well as injunctive relief in the form of reconstructive surgery and dentures. (*Id*. at 8.)

## LEGAL STANDARDS

### A. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

### B. *Lack of Subject Matter Jurisdiction*

Fed. R. Civ. P. 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment

3

on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

C.     *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 68-81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 678.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id*. (citation omitted).

## ANALYSIS

### A.    *Eleventh Amendment Immunity*

The defendants assert that the claims against them in their official capacities must be dismissed based on Eleventh Amendment immunity.[1] (Phillip's Mot. at 3.) The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It has been interpreted to bar a suit by a citizen against the citizen's own state in federal court. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). Suits

---

[1]The Complaint does not state whether the plaintiff is suing the defendants in their individual capacities, official capacities, or both.

against state officials in their official capacity should be treated as suits against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). This is because a suit against a state official in his or her official capacity is a suit against the official's office and therefore is no different from a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment thus shields state officials, acting in their official capacities, from claims for monetary relief. *See Hill v. Kemp*, 478 F.3d 1236, 1255-56 (10th Cir. 2007). Moreover, a § 1983 action may only be brought against a person. *See* 42 U.S.C. § 1983. Neither states nor state officers sued in their official capacity for monetary damages are persons within the meaning of § 1983. *Will*, 491 U.S. at 70-71.

Plaintiff's claims for monetary relief against the defendants in their official capacities constitute claims against the Colorado Department of Corrections. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"). Therefore, Plaintiff's official-capacity claims for monetary relief against the defendants are barred by the Eleventh Amendment and should be dismissed for lack of subject matter jurisdiction. *See id.*; *Bennett*, 17 F.3d at 1267.

However, Plaintiff also seeks injunctive relief. Official capacity defendants are persons for § 1983 purposes. *Will*, 491 U.S. at 71, n.10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' ") (quoting *Kentucky v. Graham*, 473 U.S. 159, 167, n.14 (1985)). Likewise, injunctive relief

claims against official capacity defendants seeking to end constitutional violations are not barred by the Eleventh Amendment. *See Green v. Mansour*, 474 U.S. 64, 68; *Ex parte Young*, 209 U.S. 123, 155–156 (1908). Thus, to the extent Plaintiff seeks injunctive relief against the defendants in their official capacities, those claims survive if Plaintiff has stated viable claims.

### B.     *Eighth Amendment Claims*

The defendants also move to dismiss Plaintiff's Eighth Amendment claims for failure to state a claim. A "deliberate indifference" claim involves both an objective and a subjective component. *Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir. 2000). To satisfy the objective prong, a prisoner must demonstrate that his medical need is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation and quotation marks omitted). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citation omitted).

To satisfy the subjective component, a prisoner must demonstrate that prison officials acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The officials must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Thus, deliberate indifference entails "more than mere negligence," although it is not necessary that the acts or

omissions be taken "for the very purpose of causing harm or with knowledge that harm will result. *Id.* at 835.

### 1. *Defendant Thalken*

To the extent Plaintiff alleges Defendant Thalken improperly sedated him or improperly performed the dental surgery, his allegation fails to state an Eighth Amendment claim. "A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kansas Dep't of Corrs.*, 165 F.3d 803, 811 (10th Cir. 1999). Allegations of negligence are not cognizable in a § 1983 claim. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Deliberate indifference requires a higher degree of fault than negligence or even gross negligence. *Berry v. City of Muskogee*, 900 F.2d 1489, 1495–96 (10th Cir.1990).

To the extent Plaintiff alleges Defendant Thalken failed to give him adequate post-surgical care, including pain medication, replacement gauze, and a "sick lay-in slip" to excuse him from work or class (Am. Compl. at 4), Plaintiff also has failed to state a claim for deliberate indifference. "[I]in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind" so as to fall afoul of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quotations omitted). Moreover, delayed "medical care only constitutes an Eight Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *Sealock*, 218 F.3d at 1210.

Here, Plaintiff fails to allege that Defendant Thalken acted deliberately to inflict pain on Plaintiff unnecessarily or wantonly or that he disregarded a substantial risk of serious harm to Plaintiff. There also is no allegation that Plaintiff saw Defendant Thalken after completion of the dental surgery or that Defendant Thalken was aware of Plaintiff's alleged pain. Moreover, to the extent Plaintiff alleges Defendant Thalken failed to give him pain medication, replacement gauze, or an excuse from work and class, he has failed to allege any harm that came from those failures. Rather, Plaintiff alleges any harm caused by Defendant Thalken was due to the alleged "botched" surgery, which, as stated above, is not cognizable as an Eighth Amendment claim. Finally, to the extent Plantiff disagrees with Defendant Thalken's course of treatment, an inmate's difference of opinion concerning the medical treatment he received does generally support a claim for cruel and unusual punishment. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993).

The court finds that Plaintiff has failed to state a claim upon which relief can be granted against Defendant Thalken, and Claim One against Defendant Thalken is properly dismissed.

### 2. *Defendants Phillips and Wormer*

With regard to Plaintiff's allegation that Defendant Phillips told Plaintiff he would have to "put in a kite" to get a medical appointment (Am. Compl. at 5), Plaintiff has failed to state a claim for deliberate indifference. *See, e.g., Inman v. Stock*, 248 F. App'x 892, 895 (10th Cir. 2007) (finding no Eighth Amendment violation when a prisoner who "slipped on an icy sidewalk and injured his hand and knee . . . sought immediate medical assistance and was told to submit a 'kite' and wait to be seen").

Plaintiff's allegations that Defendants Phillip and Wormer examined him three days later and denied him pain medication and supplies because they determined everything was fine (Am. Compl. at 5–6) also does not state a claim for deliberate indifference. First, temporary denials of medications cannot serve as the basis for a deliberate indifference claim. *Lane v. Klinger*, 25 F. App'x 781, 783–84 (10th Cir. 2001) (finding no Eighth Amendment claim where pain medication denied for three hours); *Jackson v. Simmons*, No. CIV. A. 99–3363–KHV, 2001 WL 951008, at *5 (D. Kan. July 26, 2001) (finding no Eighth Amendment claim where pain medication denied for one day). Second, Plaintiff seems to disagree with the opinions of the defendants, yet "a mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment." *Ramos*, 639 F.2d at 575. Third, again, Plaintiff has failed to allege any harm that came from the denial of pain medication, gauze, antibiotics, and an excuse from work and class. To the contrary, Plaintiff concedes that he "returned to [his] unit and borrowed some gauge [sic] and 500 mg pain medicine from other prisoners," and then "had the unit manager call [his] computer teacher . . . excusing [him] from class."

The court finds that Plaintiff also has failed to state a claim upon which relief can be granted against Defendants Phillips and Wormer, and Claim One and Two properly dismissed.

C.    *Qualified Immunity*

Defendants argue they are entitled to qualified immunity in their individual capacities. Qualified immunity protects government officials from litigation when they are sued in their individual capacities. *See, e.g., Harlow v. Fitzgerald*, 457 U.S. 800, 814–18 (1982).

"[G]overnment officials . . . generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818.

A government official is entitled to qualified immunity from liability for civil damages when his or her allegedly unlawful conduct did not violate any of the plaintiff's statutory or constitutional rights that (1) were "clearly established" at the time of the conduct, and (2) would have been known to a reasonable person in the official's position. *Harlow*, 457 U.S. at 818 (stating that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"); *see also Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that although qualified immunity determination involves a two-part inquiry, if the plaintiff fails either inquiry reviewed in any order, no further analysis need be undertaken and qualified immunity is appropriate). The Supreme Court has stated that "[f]or executive officials in general . . . our cases make plain that qualified immunity represents the norm." Id. at 807. Thus, a government official is entitled to qualified immunity in "[a]ll but the most exceptional cases." *Harris v. Bd. of Educ. of the City of Atlanta*, 105 F.3d 591, 595 (11th Cir. 1997).

As the court has concluded that Plaintiff fails to state a cognizable Eighth Amendment violation against any of the named defendants, the defendants are entitled to qualified immunity.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Defendants Phillip and Dr. Wormer's Motion to Dismiss" (Doc. No. 32) and "Defendant Dr. Thalken's Motion to Dismiss" (Doc. No. 63) be **GRANTED**. The court further

**RECOMMENDS** that the District Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this recommendation would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). Thereafter, if Plaintiff files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days of the court's final order in accordance with Fed. R. App. P. 24.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

      Dated this 8th day of February, 2013.

BY THE COURT:

_____
Kathleen M Tafoya
United States Magistrate Judge