IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02457-PAB-KMT

ASHANTI BLACK,

    Plaintiff,

v.

DR. JAMES THALKEN, DDS #15173
SHARON PHILLIP, Nurse Practitioner, and
DR. WORMER, Physician,

    Defendants.

**ORDER**

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 73] filed on February 8, 2013. The magistrate judge recommends that the Court grant the Motion to Dismiss [Docket No. 32] filed by defendants Sharon Phillip and Dr. Wormer as well as the Motion to Dismiss [Docket No. 63] filed by defendant Dr. James Thalken. On March 6, 2013, plaintiff Ashanti Black filed timely objections [Docket No. 76] to the Recommendation.[1] Therefore, the Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

---

[1] The Recommendation contains a detailed statement of the case, with which no party has taken issue. In light of plaintiff's pro se status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

Mr. Black objects to the dismissal of his complaint, but does not provide specific objections to the Recommendation. Instead, Mr. Black argues that the Recommendation's findings suggest that his Motion for Appointment of Counsel [Docket No. 67] should have been granted because he is "unknowledgeable, unskilled, and incapable of applying the law to adequately present his case." Docket No. 76 at 3. Mr. Black claims that the Recommendation's findings do not suggest that he does not have a viable claim, but rather that he is not capable of presenting his claim. *Id*.

The Tenth Circuit has held that "objections to [a] magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). This rule, however, does not apply when (1) a pro se litigant has not been informed of the time period for objecting or when (2) the "interests of justice" require review. *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (citation omitted).

Neither exception applies here. The Recommendation advised plaintiff of the deadline to respond and the need to file "specific" objections. Docket No. 73 at 13. In addition, plaintiff does not address the deficiencies identified in the Recommendation. *See 2121 East 30th St.*, 73 F.3d at 1060 ("only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies" underlying the firm waiver rule). As such, his objections are not entitled to an interests of justice exception.[2]

---

[2]To the extent Mr. Black disagrees with the magistrate judge's denial of his request for appointment of counsel [Docket No. 69], that decision was not objected to

The Recommendation concluded that Mr. Black did not allege sufficient facts to establish that Dr. Thalken violated his Eighth Amendment rights. Docket No. 73 at 9-10. The Recommendation determined that Mr. Black's allegations with regard to his dental surgery did not rise above the level of negligence and, therefore, were insufficient to prove deliberate indifference. *Id*. Additionally, the Recommendation found that Mr. Black's allegations with respect to the proper course of treatment did not raise a viable Eighth Amendment claim because disagreement with a doctor's chosen course of treatment does not support a claim for cruel and unusual punishment. *Id*. The Court finds no error with this aspect of the Recommendation.[3] *See, e.g., Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006) (noting that negligent medical care, even constituting medical malpractice, does not give rise to an Eighth Amendment violation); *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997) (finding that a disagreement

---

and therefore is not properly before this Court. *See* 28 U.S.C. § 636(b)(1)(A) (noting that district court judges can review magistrate judge's non-dispositive orders under a "clearly erroneous or contrary to law" standard); Fed. R. Civ. P. 72(a) (noting that a party may file objections to a non-dispositive magistrate judge's order within 14 days after being served with a copy). In any event, the Court finds that the magistrate judge did not commit clear error when she denied plaintiff's request for appointment of counsel. *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (noting that a district court must affirm a Magistrate Judge's decision unless "'on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed'").

[3]The Court notes that plaintiff does not allege that Dr. Thalken provided continuing post-surgery care, but only that the performance of the surgery was deficient. *See, e.g., Oxendine v. Kaplan*, 241 F.3d 1272, 1279 (10th Cir. 2001) (holding that a prisoner had stated a valid Eighth Amendment claim where the complaint alleged that the prison doctor was unqualified to perform finger reattachment surgery and the doctor provided follow-up care but failed to seek specialized medical assistance).

with a prison official's medical judgment does not constitute an Eighth Amendment violation).

With regard to Ms. Phillip and Dr. Wormer, the Recommendation found that a temporary delay in providing Mr. Black with treatment was insufficient to state a viable Eighth Amendment claim.  Docket No. 73 at 11.  Additionally, the Recommendation concluded that Mr. Black had failed to allege any harm as a result of the delayed treatment.  *Id*.  The Court finds no error with this aspect of the Recommendation.  *See, e.g., Hunt. v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) ("Delays [in providing medical care] that courts have found to violate the Eighth Amendment have frequently involved life-threatening situations and instances in which it is apparent that delay would exacerbate the prisoner's medical problems").

Given that plaintiff does not allege sufficient facts to raise an Eighth Amendment claim, it is unnecessary for the Court to determine whether defendants are entitled to qualified immunity.  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1217 n. 15 (10th Cir. 2003) (upholding district court's ruling and finding that there was no need to reach the issue of qualified immunity because the defendants were objectively reasonable); *Schnebelen v. Porter*, 434 F. App'x 765, 766 (10th Cir. 2011) (same).

Accordingly, the Court will dismiss Mr. Black's claims against Dr. Thalken, Ms. Phillip, and Dr. Wormer for failure to state a claim upon which relief may be granted.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 73] is **ACCEPTED**.  It is further

**ORDERED** that Defendants Phillip and Dr. Wormer's Motion to Dismiss [Docket No. 32] is **GRANTED**. It is further

**ORDERED** that Defendant Dr. Thalken's Motion to Dismiss [Docket No. 63] is **GRANTED**. It is further

**ORDERED** that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Black files a notice of appeal, he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. It is further

**ORDERED** that this case is closed in its entirety.

DATED March 8, 2013.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge